**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4770**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

LAURA SUE JONES,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (7:08-cr-00105-F-1)

Submitted: June 19, 2014          Decided: June 23, 2014

Before NIEMEYER, MOTZ, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, First Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Shailika K. Shah, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2008, Laura Sue Jones pled guilty pursuant to a written plea agreement to conspiracy to possess with intent to distribute more than fifty grams of methamphetamine, 21 U.S.C. §§ 841(a)(1), 846 (2012). She was sentenced to thirty-eight months in prison and a five-year term of supervised release. Pursuant to Fed. R. Crim. P. 35(a), Jones was resentenced to sixty months' imprisonment and a five-year term of supervised release. Jones' term of supervised release commenced in July 2012. In August 2013, the probation officer petitioned for revocation of Jones' supervised release, based in part on Jones' arrest on state drug charges. In the absence of any challenge to the factual allegations supporting the motion for revocation, the district court revoked Jones' supervised release. The court subsequently imposed the statutory maximum sentence of thirty-six months' imprisonment, finding Jones' continued involvement in the distribution of controlled substances posed a significant risk to society.

On appeal, Jones does not challenge the district court's decision to revoke her supervised release or its policy statement calculations. Rather, she argues her thirty-six-month sentence is plainly unreasonable because the district court failed to consider the inadequacy of the Bureau of Prisons' ("BOP") drug treatment program and whether community-based

2

programs would have better provided Jones with the needed rehabilitative treatment.

A district court has broad discretion to impose a sentence upon revoking a defendant's supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). We will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and not "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 437, 439–40 (4th Cir. 2006). In determining whether a revocation sentence is plainly unreasonable, we first assess the sentence for unreasonableness, "follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences." Id. at 438.

A supervised release revocation sentence is procedurally reasonable if the district court considered the Sentencing Guidelines' Chapter 7 advisory policy statements and the 18 U.S.C. § 3553(a) (2012) factors it is permitted to consider in a supervised release revocation case. 18 U.S.C. § 3583(e) (2012); Crudup, 461 F.3d at 439. Such a sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. Only if a sentence is found procedurally or substantively unreasonable will we "then decide whether the sentence is

3

plainly unreasonable." Id. at 439. A sentence is plainly unreasonable if it is clearly or obviously unreasonable. Id.

Jones argues her sentence is procedurally unreasonable because the district court failed to adequately consider the inadequacy of the BOP's substance abuse treatment. Ideally, Jones argues, the district court should have "imposed a modest active sentence of incarceration, and then imposed an additional release period that required her to participate in a community program." However, a district court is not authorized to "impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation." Tapia v. United States, 131 S. Ct. 2382, 2393 (2011). In United States v. Bennett, 698 F.3d 194, 197 (4th Cir. 2012), we held that that Tapia applies to revocation sentencing. We further added, "[t]rial judges should thus make plain that a defendant's rehabilitative needs relate at most to recommended programs or locations—not to the fact or length of imprisonment." Id. at 199.

Upon review of the parties' briefs and the record, we conclude that Jones' thirty-six-month prison sentence, which represents an upward variance from the advisory policy statement range of twelve to eighteen months of imprisonment, is not plainly unreasonable. We therefore affirm Jones' sentence. We dispense with oral argument because the facts and legal

4

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED